IIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, L.L.C. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11cv33 |
| | § | |
| BANK OF AMERICA, N.A. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER REGARDING MOTION TO DISMISS

Now before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. 7). As set forth below, the motion is GRANTED as to Counts One and Two and DENIED as to Count Three.

### FACTUAL BACKGROUND

Marinnia Harbin (known as Marinnia Davis at the time of purchase), purchased real property located in Little Elm ("the Property") on July 3, 2006. Dkt. 5. According to the pleadings before the Court, Davis executed a Deed of Trust ("First Deed of Trust") granting a first lien security interest in the Property to Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. The First Deed of Trust purportedly gave MERS the right to release or cancel the security instrument. According to Plaintiff, the Property is part of the Two Sunset Pointe Home Owners Association, Inc. ("the Association"). The Association held a lien on the property for all assessments. Under the Associations's Declaration of Covenants, Conditions and Restrictions, the

Association had the power to foreclose on its lien in the event of unpaid assessments, however any "bona fide mortgage or deed of trust now or hereafter placed upon said real property subject to an Assessment and which mortgage or deed of trust is recorded prior to recordation of written notice of past due Assessments" were to be superior to the Association's lien for unpaid assessments. *See* Dkt. 7-2.

On January 18, 2002, Davis executed a second Deed of Trust granting Countrywide Bank a first-lien security interest in the Property. Dkt. 5 at 3. On February 20, 2008, MERS executed a Release of Lien, which released the First Deed of Trust Lien to Bank of America, N.A. ("BANA"). Dkt. 5 at 3. Subsequently, Davis failed to make her Association assessment payments for the years 2009 and 2010. On February 16, 2010, the Association issued its Notice of Assessment Lien, and on June 1, 2010, the Association foreclosed on its lien. Dkt. 5 at 3.

Plaintiff Kingman Holdings L.L.C. ("Kingman") purchased the property at the Association's foreclosure sale. Kingman asserts that it immediately contacted Countrywide Bank and BANA requesting that the lienholders verify their interests, asserting its right of equitable redemption, and requesting information on loan payoff amounts on the property. Kingman claims that it received no response, and it subsequently filed this action for a declaratory judgment. In its Original Petition, Kingman asserts the following causes of action: (1) Count One: Claim for Declaratory Judgment for Accounting and Opportunity to Service; (2) Count Two: Declaratory Judgment to Enforce Equity of Redemption; and (3) Count Three: Declaratory Judgment to Declare Plaintiff's Lien Superiority. *See* Dkt. 5.

Defendant Bank of America, N.A. has filed a motion to dismiss Plaintiff's petition for failure to state a claim. Defendant argues that (1) Plaintiff cannot use the Declaratory Judgment Act to adjudicate issues of title; and that (2) Plaintiff is not entitled to a declaration that it has an equitable right of redemption or an accounting because there is no justiciable controversy.

**PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBITS TO MOTION TO DISMISS**

Plaintiff has objected to Defendant attaching Exhibit 1 and Exhibit 2 to the filed motion to dismiss for failure to state a claim. Before the Court addresses the merits of the motion, it will address Plaintiff's evidentiary objections. Exhibit 1 is a copy of the First Deed of Trust between Davis and MERS, and Exhibit 2 is a Declaration of Covenants, Conditions and Restrictions for Sunset Pointe. *See* Dkts. 7-1 and 7-2. Specifically, Plaintiff argues that Defendant should not attach such evidence to its motion to dismiss, because a motion should only be considered based upon the pleadings. Defendant responds that the exhibits satisfy the sole exception to the general rule that a motion to dismiss is based solely upon the plaintiff's pleadings.

As a general rule, a district court is limited to the contents of the pleadings when considering a motion to dismiss for failure to state a claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). And, in considering a motion to dismiss, the court is required to accept all well-pleaded facts as true in a light most favorable to the plaintiff. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, the Fifth Circuit recognizes an exception that documents which a defendant attaches to a motion to dismiss may be considered as part of the pleadings if: (1) they are referred to in the plaintiff's complaint; and (2) are central to the claim. *Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). Further, the court may

3

consider matters of public record, of which judicial notice may be taken. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *see also Motten v. Chase Home Fin.*, 2001 WL 2566092, at *2 (S.D. Tex. 2011).

Here, Defendant's Exhibit 1, the First Deed of Trust between Davis and MERS, is referred to in Plaintiff's complaint. *See* Dkt. 5 at 3, ¶ 8. Therefore, the Court need only address Plaintiff's contentions that Exhibit 1 is not central to the complaint and that Defendant improperly redacted information from the Exhibit. At issue in this case is whether Plaintiff has a superiority of title to Defendant's lien. Exhibit 1 is clearly central to the claim, because it establishes the terms of the deed that MERS holds the right to "take any action required of Lender including, but not limited to, releasing or cancelling this Security Instrument." Dkt. 7-1 at 4. Plaintiff claims in its petition that "third party MERS alleged release of the First Deed of Trust was ineffective as this entity did not possess legal ownership of the interest claimed to have been released." Dkt. 5 at 6, ¶ 24. Thus, the Court will allow Exhibit 1 to be considered as it is clearly central to Plaintiff's claim that Defendant did not obtain a proper release of the lien as to establish superior title to Plaintiff's claim through the foreclosure purchase.

Finally, Plaintiff contends Defendant improperly redacted information from the exhibit. The Federal Rules of Civil Procedure dictate that certain personal information may be redacted in electronic or paper filings with the court. *See* FED. R. CIV. P. 5.2. Furthermore, parties are free to file redacted copies of documents, "as long as the redactions are limited to what is necessary to prevent public access to confidential, privileged, or protected information, or to comply with Rule 5.2 of the Federal Rules of Civil Procedure." *See Lehman Brothers Holdings, Inc. v. Cornerstone*

*Mortg. Co.*, 2011 WL 649139, at \*5 (S.D. Tex. 2011). In the instant case, the redaction was limited to specific identifying information such as the Loan Number and the property address number, presumably to preserve confidentiality. Furthermore, Plaintiff shows no detriment by the redaction of information readily accessible in the original copies of publically recorded documents. As such, the Court overrules Plaintiff's objection to Exhibit 1 and will consider it in its findings as to the motion to dismiss.

As to Exhibit 2 to the motion to dismiss, the Declaration of Covenants, Conditions and Restrictions for the Association, the Court will follow the same analysis as above and address Plaintiff's additional contention that Defendant did not offer the complete document of Exhibit 2 and it does not bear a seal of certification. First, Exhibit 2 is mentioned in Plaintiff's complaint in that "at all relevant times to this lawsuit, [the Property] was subject to the Association's Rules and Regulations." Dkt. 5 at 2, ¶ 6. The first requirement is satisfied. Second, the Court finds that Exhibit 2 is central to Plaintiff's claim, because the Declaration establishes that the Association lien for nonpayment of Assessments:

> shall be superior to all other liens and charges against the said real property, except only for tax liens and the lien of any bona fide mortgage or deed of trust now or hereafter placed upon said real property subject to an Assessment and which mortgage or deed of trust is recorded prior to recordation of written notice of past due Assessments.

Dkt. 7-3 at 3, ¶ 4.12(b). Plaintiff asks for a declaratory judgment to establish a superior lien involving the foreclosure lien for nonpayment of Assessments and Defendant's First Deed of Trust. It seems quite clear that Exhibit 2 is central to the claim, especially Count Three.

The Fifth Circuit has held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996). Moreover, "taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2001 WL 2566092 at *2 (S.D. Tex. 2011) (*citing Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). Here, the Association's Declaration was filed in Denton County public records on Sept. 17, 2003. *See* Dkt. 7-2 at 4.

As to Plaintiff's allegation that Exhibit 2 is incomplete and lacks a seal of certification, the Court declines to address these evidentiary issues for which Plaintiff has provided no case law in support of its position. Therefore, the Court sees no reason to sustain Plaintiff's objection to Exhibit 2. It is overruled.

Based upon the foregoing considerations, the Court will consider Exhibits 1 and 2 in deciding the merits of the motion to dismiss for failure to state a claim.

## ANALYSIS

Now the Court turns to the merits of Defendant's motion. First, Defendant argues that Plaintiff cannot use the Declaratory Judgment Act to adjudicate issues of title.

Defendant contends the proper method of bringing a suit to remove a cloud of title is by Section 22.01 of the Texas Property Code. Plaintiff argues that the dispute pertains to *lien superiority* – not title – and is proper grounds for a declaratory judgment. The Court agrees with Plaintiff and finds that, while disputes concerning title are reserved for Section 22.01 of the Texas Property Code, the validity and superiority of a lien can be determined through a declaratory

judgment in Texas.

Under Texas law, an action for trespass to try title is the method to determine title to lands, tenements or other real property. TEX. PROP. CODE. ANN. § 22.01; *Rogers v. Ricane Enterp., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994). Therefore, it is considered the exclusive remedy to resolve competing claims to property. *Jordan v. Bustamante*, 158 S.W.3d 29, 35 (Tex. App. – Houston [14th Dist.] 2005, pet. denied). However, Texas courts have found that, although it impacts possession of title, a suit seeking to adjudicate the validity and superiority of a lien is not automatically deemed a trespass to try title suit. *Chase Home Fin., L.L.C. v. Cal Western Reconveyance Corp.*, 309 S.W.3d 619, 623 (Tex. App. – Houston [14 Dist.] 2010, no pet.) (permitting declaratory judgment action for declaration of lien superiority); *Red Rock Props. 2005, Ltd. v. Chase Home Fin., L.L.C.*, 2009 WL 1795037, at *5-6 (Tex. App.– Houston [14th Dist.] June 25, 2009, no pet.) (mem. op.) (unpublished); *Duetsche Bank Nat'l Trust Co. v. Stockdick Land Co.*, 2011 WL 321742, at *10 (Tex. App.– Houston [14th Dist.] Feb. 3, 2011, no pet.) (a suit seeking the validity of a lien by declaratory judgment involved the construction of the deed and fell within the Declaratory Judgment Act); *see also Cadle Co. v. Ortiz*, 227 S.W.3d 831, 838 (Tex. App.– Corpus Christi 2007, pet. denied) (finding that a case concerning the validity of a mechanic's lien should not be considered a case concerning a cloud on title, even though the suit necessarily implicated title).

The Declaratory Judgment Act provides that "[a] person interested under a deed... may have determined any question of construction or validity arising under the instrument." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a). The Court finds that it can be used to determine the matter of lien superiority here.

Defendant cites to *Kennesaw Life & Accident Ins.* to support the position that the Declaratory Judgment Act cannot be used to adjudicate issues of title. *See Kennesaw Life & Accident Ins. Co. v. Goss*, 694 S.W.2d 115 (Tex. App.– Houston [14th Dist.] 1985, writ ref'd n.r.e). This case is factually distinguishable because the *Kennesaw* suit was specifically brought to settle an issue of superior *title*, meaning to remove a cloud upon the title, and did not involve any liens against the property. *Id.* Here, Plaintiff seeks specifically in Count Three a declaration of lien *superiority*. Dkt. 5 at 6, ¶ 27. Though Plaintiff alleges the Deed of Trust "creates a cloud upon the title," Plaintiff's claim pertains to the superiority of the Association lien. *See* Dkt. 5 at 6, ¶ 24.

The Court finds no reason to dismiss the claim on these grounds. Texas case law supports the position that although a dispute concerning a lien does implicate an issue of title, it does not automatically require that the suit be brought under the Texas Property Code's provisions on trespass to try title. Therefore, Plaintiff has sufficiently stated a claim for declaratory judgment.

Next, Defendant argues that even if Plaintiff has stated a claim for lien superiority under the Declaratory Judgment Act, Plaintiff's claim still fails because it is based on the weakness of BANA's claim to title rather than the strength of its own title. It is true that, in Texas, "[a] plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title" and "[a]plaintiff in a trespass to try title suit also must rely upon the strength of his own title, not upon the weakness of the defendant's." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.). However, Plaintiff has not listed either a quiet title or trespass to try title as one of its claims here. Therefore, the Court declines to address this ground of dismissal. If Plaintiff later asserts such a claim, then the Court will address such an argument at that

time.

Defendant's remaining arguments regarding the lien superiority and the validity of certain liens are best reserved for summary judgment or other evidentiary disposition on the merits. The Court's role in determining a motion to dismiss is very limited – to determine whether Plaintiff has stated a claim. And, as to Count Three, Declaratory Judgment to Declare Plaintiff's Lien Superiority, the Court finds that Plaintiff has stated a claim under Texas law.

The Court next addresses Plaintiff's remaining claims. Plaintiff seeks a declaration of a right to accounting and service of the lien as well as a declaration to enforce equity of redemption. Defendant argues that Plaintiff's petition fails to show why either declaration is necessary and that there is no dispute that Plaintiff has an equitable right to redeem the property and similarly to service the property. As set forth below, the Court finds that a declaration of right to service of the deed as well as a declaration of the right to equity of redemption is unnecessary and lacking in justiciable controversy.

The Texas Supreme Court has held "there must be a justiciable controversy between the parties before a declaratory judgment action will lie." *California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960). A judicial decision made without a controversy would be an advisory opinion, which the Texas Constitution bars. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 164 (Tex. 2004).

A purchaser of property in a foreclosure sale takes the title subject to prior liens. *Conversion Props., L.L.C., Kessler*, 994 S.W.2d 810, 813 (Tex. App.– Dallas 1999, pet. denied). And the purchaser is required to "service the prior liens to prevent loss of the property by foreclosure of the

prior liens." *Id.* This rule of law does not in and of itself create a justiciable controversy. *See Disanti v. Mortg. Elec. Registration Sys., Inc.*, 2010 WL 3338633, at *4 (E.D. Tex. 2010).

As to Count One concerning opportunity to service, Plaintiff first alleges "Defendant has no recorded claim of interest in the subject Property." Dkt. 5 at 4, ¶ 16. Plaintiff then contends that in the event Defendant is found to have a superior claim, the Court should declare Plaintiff has the right to service any existing superior liens. The Court sees no reason to declare Plaintiff has a right that is already well established by law. As to Plaintiff's request for an accounting, such is an equitable remedy, not an independent cause of action. *Animale Group Inc. v. Sunny's Perfume Inc.*, 256 Fed. Appx. 707, 709 (5th Cir. 2007) (accounting is an equitable remedy) (citing *Maltina Corp. v. Cawy Bottling Co.,* 613 F.2d 582, 584-85 (5th Cir.1980)). Therefore, the Court grants Defendant's motion to dismiss Count One.

As to Count Two concerning equitable redemption, Plaintiff alleges it has the "right to cure any default in the payment of Davis' note." Dkt. 5 at 5, ¶ 18. Equity of redemption is a legal right well recognized by Texas courts to provide relief against penalties and forfeitures that confront mortgagors. *Scott v. Schneider Estate Trust*, 783 S.W.2d 26, 28 (Tex. App.– Austin 1990, no writ). Equity of redemption requires (1) the party has a legal or equitable interest in the property subject to the mortgage; (2) he is "ready, able or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens to which the property is subject;" and (3) he asserts the claim before foreclosure. *Id.*

The Court sees no justiciable reason to reiterate the fact that Plaintiff has a well established right granted by Texas common law. *See Scott*, 783 S.W.2d at 28. Defendant concedes that Plaintiff

has this right, and this Court agrees that only a suit to enforce such right would create the necessary justiciable controversy. Therefore, the Court grants the motion to dismiss Count Two of the action.

Plaintiff may proceed with its claim for declaratory judgment to declare the lien superiority, Count Three, and shall file an amended complaint within 15 days of the date of this Order.[1]

**SO ORDERED.**

**SIGNED this 21st day of September, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court issues this order based on the parties' consent to proceed before a magistrate judge and the current statutory construction of 28 U.S.C. § 636. *Cf.* the Fifth Circuit's recent order requesting briefing in *Technical Automation Services Corp. v. Liberty Surplus Insurance Corporation*, No. 10-20640.